IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RICHARD S. MOREA, #10172-043                                         PETITIONER

VERSUS                                       CIVIL ACTION NO. 3:11-cv-411-DPJ-FKB

PHILLIP GUITTIERREZ,
Warden of F.C.I., Victorville, California, et al.                         RESPONDENTS

<u>ORDER</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Morea, an inmate at the Federal Correctional Institute-Victorville in Adelanto, California, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.

**I.     Background**

Petitioner complains that the probation department of Rankin County, Mississippi, lodged a probation-violation warrant against him which is being treated by the Bureau of Prisons as a detainer.[1] Pet. [1] at 1. According to Petitioner, the probation-violation warrant arises out of his being on probation for a state-court conviction he received in the Circuit Court of Rankin County, Mississippi, when he was arrested and eventually convicted of violating a federal drug charge in the United States District Court for the Southern District of Mississippi. *Id*. at 4. Petitioner was committed to the United States Department of Justice on June 3, 2010. *Id*. at 5. Petitioner states that he has been trying to resolve the pending state probation-violation warrant by submitting to the state court a motion to dismiss the probation-violation charge pending against him. *Id.* at 6. He has not, however, received a response from the state court. *Id*.

---

[1]"A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *Carchman v. Nash*, 473 U.S. 716, 719 (1985) (citations omitted). As a general matter, when a probation violation warrant is received by the Bureau of Prisons it is treated as a detainer. *See U.S. v. Williams*, 558 F.2d 224, 225–26 (5th Cir. 1977).

Petitioner argues in this case that the State of Mississippi's failure to conduct a hearing to resolve the pending probation-violation charge has violated the terms of the Interstate Agreement on Detainers and the Constitution's Speedy Trial Clause.  *Id*.  Petitioner also claims that the State's failure to act has affected the conditions of confinement while incarcerated in the custody of the Federal Bureau of Prisons.  Memo. [2] at 7.  Specifically, Petitioner contends that his custody-level-classification score was increased, which prohibits him from qualifying for a low security prison; he is "ineligible to participate fully in the Drug and Alcohol [P]rogram"; and he "is inel[igible] for participation in the Community Corrections Half-way House Program."  *Id*.

After apparently exhausting his administrative remedies, Petitioner filed the instant petition for habeas relief seeking the dismissal of his state probation-violation charge or other such relief this Court finds Petitioner is entitled to under the facts of this case and the applicable law.  Pet. [1] at 7.

## II.     Analysis

A petition which challenges one's custody is properly brought pursuant to 28 U.S.C. § 2241 "regardless of whether the final judgment has been rendered and regardless of the present status of the case pending against him."  *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987).  As a general matter, a federal prisoner must file a § 2241 petition challenging his present physical confinement in the district of confinement.  *See Lee v. Wetzel*, 244 F.3d 370, 375 & n.5 (5th Cir. 2001); *see also United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (holding that, "[t]o entertain a § 2241 habeas petition, the district court must, *upon the filing of the petition*, have jurisdiction over the prisoner or his custodian") (emphasis added).  But, "a habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal

control with respect to the challenged 'custody.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 438 (2004). Thus, because Petitioner challenges a probation-violation warrant issued by Mississippi authorities, this Court has jurisdiction to consider the request for habeas relief, even though Petitioner is incarcerated in California.[2]

After reviewing Petitioner's Petition [1] for habeas corpus relief, Response [9] and applying a liberal construction as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court concludes that the petition should be dismissed.

For habeas relief to be granted, Petitioner must be in custody in violation of the Constitution or law or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). Such is not the case. Petitioner claims that his constitutional rights have been violated because he has not received a hearing relating to the probation-violation warrant. But for a constitutional right to exist relating to a probation-violation warrant, the Petitioner must be taken into custody—as a result of the execution of the warrant—as a parole violator. *See Calloway v. Dist. of Columbia Bd. of Parole*, 103 F. App'x 740, 741, 2004 WL 1719475, at *1 (4th Cir. 2004) (quoting *Moody v. Daggett*, 429 U.S. 78, 89 (1976) (determining that there is "no constitutional duty to provide [a parolee] an adversary parole hearing until he is taken into custody as a parole violator by execution of [a] warrant.")); *see also Larson v. McKenzie*, 554 F.2d 131, 132–33 (4th Cir. 1977); *Gaddy v. Michael*, 519 F.2d 669, 677 (4th Cir. 1975).

Here, Petitioner is incarcerated and serving a federal sentence in the custody of the Bureau of Prisons. *See United States v. Morea*, criminal case no. 2:09-cr-12-KS-MTP (S.D. Miss. Apr. 23, 2010). Because the execution of the probation-violation warrant—which is the "operative event" to trigger a liberty interest—has not occurred, Petitioner has not presented a

---

[2]The State holding the prisoner in immediate confinement is considered the agent for the demanding State. *See Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 498–99 (1973).

claim upon which habeas can be granted.  *See Moody*, 429 U.S. at 87 (finding that no right to a revocation hearing accrues until execution of the warrant even if the warrant has remained outstanding for more than 10 years).  And because the event which creates a due process right has not occurred, the resulting impact on Plaintiff's confinement fails to establish a violation of his constitutional due process right.  *Id.* at 88 n.9; *Deveny v. United States Bd. of Parole*, 565 F.2d 875, 878 (5th Cir. 1978).

However, the United States Court of Appeals for the Fifth Circuit has recognized that "a delay in executing the violator's warrant may frustrate a probationer's due process rights if the delay undermines his ability to contest the issue of the violation or to proffer mitigating evidence."  *United States v. Tippens*, 39 F.3d 88, 90 (5th Cir. 1994).  Petitioner does not allege such prejudice.  Therefore, under the allegations of the instant petition, this Court does not find that the delay in executing the probation violation warrant frustrates Petitioner's due process rights.

Petitioner's speedy trial claim likewise fails.  According to the Fifth Circuit, "the execution of a warrant for violation of supervised release is not subject to the Sixth Amendment's speedy trial requirement."  *Id.* at 89–90 (citing *Moody v. Daggett*, 429 U.S. 78 (1976)).  Therefore, Petitioner's claim that his right to a speedy trial has been violated is without merit.

Finally, Petitioner's claim based on the state's alleged violation of the Interstate Agreement on Detainers lacks merit because the State of Mississippi is not a member if the agreement.  *See Smothers v. State*, 741 So. 2d 205, 206 (Miss. 1999).  Even if the State of Mississippi were a member, the United States Supreme Court has held that the Interstate Agreement on Detainers does not apply when a detainer is based on probation-violation charges.

4

*See Carchman v. New Jersey Dep't of Corr.*, 473 U.S. 716, 734 (1985).

This Court finds that Petitioner has failed to present a claim that his constitutional rights have been violated because, according to Petitioner, the State of Mississippi has failed to conduct a probation revocation hearing. Consequently, Petitioner is not entitled to habeas relief from this Court pursuant to 28 U.S.C. § 2241 concerning his probation-violation warrant, and the instant action is dismissed with prejudice.

### III.     Conclusion

Petitioner's request for habeas relief based on his claims concerning his probation-violation warrant is dismissed with prejudice.

A Final Judgment in accordance with this Order will be issued this date.

**SO ORDERED AND ADJUDGED** this the 27th day of December, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE